IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW PAGE, JR.,

    Plaintiff,                         No. 2:13-cv-0394 DAD P

    vs.

COUNTY OF SOLANO, et al.,

    Defendants.                 ORDER

                              /

        Plaintiff, a state prisoner proceeding pro se, has filed this action styled as a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has not included with his in forma pauperis application a certified copy of his inmate trust account statement for the six month period that preceded the filing of his complaint, as required by 28 U.S.C. § 1915(b). Good cause appearing, ruling on plaintiff's application to proceed in forma pauperis will be deferred. See Footnote 1, infra.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his complaint plaintiff contends that he has been sentenced under California's Realignment Act, AP 109, but because of his prior convictions for serious or violent felonies he cannot serve his sentence in a county jail. He alleges that three attorneys "allowed" him to be sentenced unlawfully, claims incompetence of counsel, and seeks money damages. Plaintiff was in the Solano County Jail when this action was filed on February 27, 2013. (See Complaint filed Feb. 27, 2013 (ECF No. 1) at 1.) On March 28, 2013, plaintiff filed a notice of change of address indicating that he is now incarcerated at Deuel Vocational Institution in Tracy, California. (ECF No. 5.)

A prison inmate may not proceed with a § 1983 action that implicates the validity of ongoing confinement absent proof that the challenged conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486 (1994). Heck applies to actions for injunctive relief as well as to actions for money damages. See Osborne v. District Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1053 (9th Cir. 2005) (citing Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

/////

Here, it is plain from the allegations of plaintiff's complaint that the sentence imposed as a result of his conviction has not been set aside. This civil rights action is therefore barred by <u>Heck</u> and its progeny and must be dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A. Good cause appearing, plaintiff will be granted a period of twenty days in which to file a request for voluntary dismissal of this action. Failure to comply with this order will result in a recommendation that this action be dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted twenty days from the date of this order in which to file a request for voluntary dismissal of this action. <u>See</u> Fed. R. Civ. P. 41(a).

DATED: April 18, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
page13cv0394.41a

---

[1] Plaintiff is cautioned that if he proceeds further with this action he will be required to file a complete signed in forma pauperis application and that he will incur a liability for the full amount of the $350.00 filing fee for this action.

3